**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Bender,<br><br>            Plaintiff,<br><br>vs.<br><br>Edward Jones, Steve Shmatko, FINRA,<br><br>            Defendants. | No. CV11-1841-PHX-DGC<br><br>**ORDER** |

Plaintiff, Michael Bender, filed suit against Defendants to vacate an arbitration award granted against him. Doc. 1. Plaintiff later amended his complaint. Doc. 7. Defendant FINRA has now filed a motion to dismiss Bender's amended complaint. Doc. 8. The motion is fully briefed. No party has requested oral argument. For the reasons that follow, the Court will grant FINRA's motion.

**I.      Background.**

The following facts are taken from the amended complaint and will be considered true for purposes of deciding this motion to dismiss. Around June 9, 2011, during arbitration with Edward Jones, Plaintiff filed a motion for emergency continuance to hold the arbitration in abeyance. Doc. 7 at 2. Around July 21, 2011, Plaintiff sent a letter to FINRA to inquire about the results of the continuance motion. *Id.* On August 8, 2011, a FINRA case administrator left a voicemail with Plaintiff's counsel indicating that the July 21 letter was received and that there was nothing pending in the case until November. *Id.* Around September 1, 2011, Plaintiff received an arbitration award denying his claims

against defendant Jones due to a motion to dismiss filed by Jones. *Id.* at 2-3. Plaintiff asserts that he was never notified of Jones' motion to dismiss or of a hearing regarding the arbitration on August 15, 2011. *Id.* at 3.

## II. Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Claims Against FINRA are Barred by the Doctrine of Arbitral Immunity.

Arbitrators are immune from civil liability for actions taken within their jurisdiction arising out arbitral functions. *See, e.g.*, *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987); *see also Sacks v. Dietrich*, 663 F.3d 1065, 1069 (9th Cir. 2011) (affirming dismissal of action against arbitrators on grounds including immunity). Plaintiff argues that the action of the case administrator – not submitting Plaintiff's motion to continue arbitration – is being challenged, and a case administrator's action is

not afforded immunity.[1]  Doc. 9 at 2.  The pivotal question, however, is whether the claim at issue arises out of a decisional act.  If so, immunity applies.  *Sacks*, 663 F.3d at 1070; *see also Int'l Medical Group, Inc. v. AAA*, 312 F.3d 833, 842-43 n.3 (7th Cir. 2002), *cert. denied*, 540 U.S. 822 (2003) (affirming the dismissal of arbitration forum and its employees reasoning that the case manager also enjoyed arbitral immunity for acts taken in the scope of her duties for the forum).  Plaintiff's claim for relief is to vacate the arbitration award arising out of a decisional act—denial of his arbitration claim.  Because the claim arises out of a decisional act, FINRA is immune from civil suit and its motion to dismiss is granted.

The Court recognizes that leave to amend should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  Since Plaintiff's claim against FINRA cannot be fixed through amendment because of the doctrine of arbitral immunity, the Court will deny leave to amend as futile.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008) (affirming denial of leave where the complaint could not be saved by any amendment).

**IT IS ORDERED** that Defendant FINRA's motion to dismiss (Doc. 8) is **granted.**

Dated this 21st day of February, 2012.

---

David G. Campbell
United States District Judge

---

[1] Plaintiff also argues that the Court should wait to rule on this motion until the Supreme Court decides the issues in *Standard Investment Chartered, Inc. v. National Association of Securities Dealers, Inc. et al*.  Doc. 9 at 2-3.  This argument is moot.  *See Standard Investment Chartered, Inc. v. NASD*, 2012 WL 117816 (Jan. 17, 2012) (denying certiorari).